Matter of Gallo v New York City Dept. of Consumer Affairs (2019 NY Slip Op 01709)





Matter of Gallo v New York City Dept. of Consumer Affairs


2019 NY Slip Op 01709


Decided on March 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2019

Gische, J.P., Webber, Kern, Singh, JJ.


8657 100678/13

[*1]In re Gallo, Adele, etc., et al., Petitioners-Appellants,
v
The New York City Department of Consumer Affairs, Respondent-Respondent.


Davidoff Hutcher & Citron LLP, New York (Howard S. Weiss of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Melanie T. West of counsel), for respondent.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered April 12, 2018, denying the petition to annul respondent's determination, dated October 20, 2014, which conditioned its approval of petitioners' application to renew their sidewalk café license on their making certain modifications pursuant to 6 RCNY 2-55, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondent's finding that petitioners' operation of their entire unenclosed sidewalk café in an elevated area higher than the adjoining sidewalk violated 6 RCNY 2-55(b) has a rational basis (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County , 34 NY2d 222, 231 [1974]).
The rule requires such an elevation to conform to the plans for which a revocable consent was granted before the effective date of the rule (March 27, 2003). The revocable consent granted in 1988 was based on 1987 architectural plans showing that the elevated area would cover a relatively small portion of the outdoor ground. Petitioners' reliance on the parties' course of conduct is unavailing, as estoppel cannot be invoked to preclude a government agency from discharging its statutory duties (see Matter of New York State Med. Transporters Assn. v Perales , 77 NY2d 126, 130 [1990]).
The finding that the structure enclosing the outdoor café violates 6 RCNY 2-55(a) also has a rational basis, as the structure is concededly not "removable" (id. ). Petitioners' arguments that the regulation is inapplicable to that structure are without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2019
CLERK